NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0836n.06
Filed: October 11, 2005

No. 03-6398

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PAUL A. SIMS; WARREN L. PULLIAM; JANICE L. PULLIAM; CHAPLIN INSURANCE AGENCY, INC.; W & J PULLIAM, INC.; KERRY W. PULLIAM, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| THE OHIO CASUALTY INSURANCE COMPANY; NELSON BANCORP, INC.; PEOPLE'S STATE BANK; JAMES O. KING, JR.; BARNETT BANK OF TAMPA, N.A., also known as Bank of America; PRUDENTIAL INSURANCE C O M P A N Y  O F  A M E R I C A ; PRUDENTIAL BACHE-SECURITIES, INC., also known as Prudential Securities, Incorporated; U.S. MORTGAGE & TRUST COMPANY, INC.; J.R. HORN, also known as Marion A. Horn; FIRST UNION BANK, N.A., also known as Atlantic National Bank, also known as Wachovia Bank, N.A.; UNKNOWN DEFENDANTS; ATLANTA NATIONAL BANK, also known as Wachovia Bank, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | AMENDED |
| Defendants-Appellees. | ) | |

Before: BOGGS, Chief Judge; and GIBBONS, Circuit Judge.[*]

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, was present for oral argument, but subsequently recused himself from this case. He took

*Sims v. Ohio Casualty Insurance Co.*, 03-6398

**JULIA SMITH GIBBONS, Circuit Judge.**  In the mid-1980s, two agents of Prudential Insurance Company defrauded Prudential and various other financial institutions.  Plaintiff-appellant Warren Pulliam assisted in the fraud by using his position as President of defendant-appellee People's State Bank to certify checks and allow overdrafts at People's on the two agents' accounts when he knew that there were insufficient funds in the accounts to cover those checks.  Pulliam was charged criminally and then convicted for his role in the scheme.  He signed a settlement agreement with People's and defendant-appellee James King, a director of People's, agreeing to reimburse People's for the loss.  Other banks subsequently sued People's for the losses they incurred.  Defendant-appellee Ohio Casualty Insurance Company eventually paid a settlement on behalf of People's.  Ohio Casualty sued Pulliam to recoup the amount that it paid in the settlement and obtained a $200,000 jury verdict.  In 2002, Pulliam and the other plaintiffs-appellants (collectively "plaintiffs") filed suit in Kentucky state court against Ohio Casualty, People's, Prudential, King, and the other defendants-appellees in this action, claiming that the $200,000 judgment awarded to Ohio Casualty was obtained in violation of various Kentucky state law provisions and in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*.  The case was removed to the federal district

no part in the court's consideration or decision of the case.  Nevertheless, we are still able to decide this case.  *See Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 948-50 (6th Cir. 1987) (en banc) (concluding that one judge's recusal after oral argument in an en banc case did not prevent deciding the merits of the appeal); *see also Benzon v. Morgan Stanley Distribs., Inc.*, -- F.3d --, 2005 WL 2000927 (6th Cir. Aug. 22, 2005) (deciding case with two-judge panel when third judge "was present at oral argument but did not take part in the consideration or decision of the case"); *United States v. Ashley*, 37 F.3d 678, 678 (D.C. Cir. 1994) (deciding case with two judges as one judge who was present for oral argument "took no part in its final disposition"); *Crown Cork & Seal Co. v. NLRB*, 36 F.3d 1130, 1131 (D.C. Cir. 1994) (same); *United States v. Trammel*, 899 F.2d 1483, 1484 (6th Cir. 1990) (deciding case with two-judge panel after third judge who was present for oral argument resigned).

*Sims v. Ohio Casualty Insurance Co.*, 03-6398

court. The district court dismissed the plaintiffs' case for failure to state a claim under RICO and failure to comply with the RICO statute of limitations. It also resolved some of the state law claims. Upon motion of the plaintiffs, the district court vacated the portion of its opinion addressing the state law claims and remanded those claims to the Kentucky state court. The plaintiffs filed a notice of appeal from the district court's first opinion, challenging its conclusions on the federal claims (which did not change in the altered opinion). For the following reasons, we affirm the district court's decision.

I.

The plaintiffs first argue that this court does not have jurisdiction to hear their appeal because the district court did not address all of their claims, such as their claim for declaratory judgment. In this case, the district court remanded all remaining claims back to the state court. "The remand ends further action by the district court." *In re Romulus Cmty. Sch.*, 729 F.2d 431, 440 (6th Cir. 1984). The order is therefore a final judgment pursuant to 28 U.S.C. § 1291. *Id.* at 440-41.

II.

The plaintiffs next challenge the district court's conclusion that their RICO claims were barred by the statute of limitations. They contend that the limitations period should not have begun to run because the defendants concealed the pertinent facts necessary for the plaintiffs to know that they had a RICO claim.

The Supreme Court has imposed a four-year statute of limitations on RICO claims. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). The four-year period begins to run when a party knew, or through exercise of reasonable diligence should have discovered, that the party was injured by a RICO violation. *Rotella v. Wood*, 528 U.S. 549, 553-55 (2000).

- 3 -

*Sims v. Ohio Casualty Insurance Co.*, 03-6398

The plaintiffs' complaint bases their RICO claims on the actions of People's and King in making Pulliam sign a restitution agreement and option agreement, the actions of People's and King in entering into a 1988 settlement agreement with Pulliam, the actions of People's and Barnett Bank in settling Barnett's claim against People's, and the actions of Ohio Casualty in paying People's settlement with Barnett and subsequently obtaining a jury verdict against Pulliam. They allege that People's and Ohio Casualty did not disclose the terms of the settlement reached between People's and Barnett and that Ohio Casualty failed to properly defend the Barnett action, eventually causing Pulliam to incur liability. Thus, the sum of plaintiffs' RICO claims is that the defendants colluded to deny Pulliam the right to assert his defenses, cross-claims, and counterclaims in the 1992 federal lawsuit brought by Ohio Casualty against Pulliam.

The plaintiffs argue on appeal that they did not know the amount of money Prudential had paid Barnett in a settlement and thus could not ascertain whether the sum recovered from Prudential by Barnett was available as a set-off for the amount Barnett sought to recover from People's. Because of this alleged concealment, the plaintiffs claim that they could not have learned of the facts underlying their cause of action until July 14, 2000, when Ohio Casualty produced a copy of the settlement agreement, or until April 17, 2002, when the plaintiffs were able to verify the authenticity of the settlement agreement.

Despite the plaintiffs' contentions, the district court correctly held that their RICO claims were barred by the applicable statute of limitations. In April 1997, the plaintiffs filed a lawsuit in the Middle District of Florida against Ohio Casualty, Barnett, and the Prudential companies. That lawsuit alleged RICO violations and RICO conspiracy. In the complaint, the plaintiffs alleged that the Ohio Casualty judgment obtained in 1992 against Pulliam "was a direct and proximate result of the

- 4 -

*Sims v. Ohio Casualty Insurance Co.*, 03-6398

conspiracy and collusion of the defendants" to prevent Pulliam from asserting "his available defenses, cross-claims, and counter-claims." Specifically, the plaintiffs referenced the various facts, including that People's and Ohio Casualty entered into a settlement with Barnett and that People's did not assert the defenses available to it against Barnett, forming the basis for the plaintiffs' current lawsuit before this court.

Thus, although it is likely that the plaintiffs knew of the facts underlying their RICO claims as early as 1992 when Ohio Casualty obtained a judgment against Pulliam, at a minimum it is evident that the 1997 Middle District of Florida litigation set forth RICO claims based on the same underlying facts as presented in the current case. While the exact amount of the settlement between Ohio Casualty or People's and Barnett may not have been known until 2000, the plaintiffs had the necessary information to file RICO claims in at least 1997, as evidenced by the fact that they did file a lawsuit under RICO at that time. As this court has held, "the running of the statute of limitations begins when a plaintiff is put on inquiry notice—that is, when the plaintiff has been presented with evidence suggesting the possibility of fraud." *Isaak v. Trumbull Sav. & Loan Co.*, 169 F.3d 390, 399 (6th Cir. 1999) (quotation marks and citation omitted). A plaintiff need only be aware of "storm warnings" but does not need to "hear[] thunder and see[] lightening." *Id.* Even if the plaintiffs did not know the exact amount of the settlement, such detail was unnecessary as the plaintiffs certainly were aware of the "storm warnings" underlying their RICO charges. As this court's precedent makes clear, the plaintiffs need not be aware of every minute fact underlying their RICO claims. The district court correctly concluded that the statute of limitations period ended in April 2001 at the latest and

that the plaintiffs' complaint filed in November 2002 was untimely.[1]

### III.

Next, the plaintiffs contend that the district court should have granted them leave to amend the complaint to cure the defects identified by the district court in determining that the complaint did not state a federal cause of action. Initially, we note that the plaintiffs never sought leave to amend their complaint. The district court was not required to offer the plaintiffs the opportunity to amend their complaint in lieu of dismissing it. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (noting that "the granting of a defendant's motion to dismiss does not ordinarily afford the unsuccessful plaintiffs any 'opportunity to further clarify their allegations' with proof and evidence"). Moreover, even if the plaintiffs had moved to amend, the district court could have properly denied their motion. The plaintiffs' complaint was filed outside the statute of limitations period for RICO claims, and no amendment could have cured this defect.

### IV.

Finally, the plaintiffs contend that the case should be remanded to the district court because, as they concede, defendants J.R. Horn and the United States Mortgage & Trust Company were not properly served with process. The plaintiffs were responsible for obtaining proper service on these parties and have not, before this appeal, argued that they were not properly served. They cannot now use this argument to obtain further review of their case by the district court. In any event, Horn and United States Mortgage & Trust Company would be entitled to raise the arguments advanced by the

---

[1]Because we conclude that the statute of limitations bars the plaintiffs' RICO claims, we need not address the plaintiffs' argument that the district court erred in holding that the plaintiffs failed to state a claim in their complaint for RICO violations.

other defendants in this case, namely that the plaintiffs' RICO claims were barred by the statute of limitations. We affirm the district court's dismissal of the plaintiffs' complaint as to these two defendants.

V.

For the foregoing reasons, we affirm the district court's decision dismissing the plaintiffs' complaint.